R. William Hancock ISBN 7938
Ryan B. Peck, ISBN 7022
Attorneys-at-Law
P.O. Box 4848
Pocatello, ID 83205-4848
Telephone: (208) 235-6143
bhancock@idfbins.com
rpeck@idfbins.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## for the District of Idaho

| | |
|---|---|
| FARM BUREAU MUTUAL INSURANCE COMPANY OF IDAHO as subrogee of Martin Rodriguez and Lisa R. Rodriguez,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendants. | Case No.<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

## **COMPLAINT**

Plaintiff, Farm Bureau Mutual Insurance Company of Idaho as subrogee of its insureds, Martin Rodriguez and Lisa R. Rodriguez, by and through its attorneys, R. William Hancock and Ryan B. Peck, attorneys-at-law, hereby alleges and states as follows:

### **PARTIES, JURISDICTION AND VENUE**

1.  Plaintiff, Farm Bureau Mutual Insurance Company of Idaho ("Farm Bureau"), is

an Idaho corporation duly authorized to carry on the business of insurance in the State of Idaho with its corporate headquarters located in Bannock County, Idaho.

2. Plaintiff provided automobile insurance coverage to Martin Rodriguez and Lisa R. Rodriguez under Farm Bureau policy 01-171629-02.

3. Defendant, United States of America is an entity that acts through the U.S. Department of Agriculture, a Cabinet level agency, and the U.S. Forest Service, a federal agency within the Department of Agriculture. At all times material hereto, Larry K. Hartman was an employee of the United States Forest Service and was acting in the course and scope of his employment.

4. This court has jurisdiction pursuant to 28 U.S.C. § 1346 in that the Plaintiff seeks an award of money damages against the United States for injury and/or loss of property caused by the negligent or wrongful act or omission of an employee of the Government while acting within the scope of his office or employment.

5. Venue is appropriate in Bonner County, Idaho, pursuant to 28 U.S.C. § 1391 and Local Rule 3.1 due to the events or omissions giving rise to this claim having occurred in the Federal District of Idaho, in the Northern Division of this District, in Bonner County.

6. Plaintiff has complied with U.S.C. § 2675 as Plaintiff's claim for damages was served on the United States Forest Service on December 14, 2018 and was subsequently denied on July 12, 2019.

**GENERAL FACTUAL ALLEGATIONS**

8. Plaintiff, Farm Bureau provided automobile coverage to Martin and Lisa Rodriguez (Policy Number 01-171629-02), which policy covered Mr. Rodriguez's 2011

Chevrolet Traverse and provided medical coverage in the event of an accident.

9. On or about December 20, 2016, Martin Rodriguez was operating the 2011 Chevrolet Traverse and heading southbound on 5th Avenue in Sandpoint with his wife, Lisa Rodriguez as his passenger.

10. Shortly after 4pm the Rodríguezes were approaching the intersection of Church Street when traffic slowed and stopped ahead of them to allow pedestrians to cross at the crosswalk at Church Street. Mr. Rodriguez also came to a complete stop behind traffic.

11. At all times mentioned herein, Larry K. Hartman was the operator of a white 2006 Dodge truck owned by the United States Forest Service. Defendant Hartman was operating the Forest Service Vehicle within the course and scope of his employment with Defendant United States of America.

12. At all times mentioned herein, Larry K. Hartman was traveling southbound on 5th Avenue behind the Rodríguezes at a greater speed then the current road conditions allowed, when he failed to stop and struck the rear end of Mr. Rodriguez's vehicle.

13. The collision caused damage to the vehicle owned by Mr. Rodriguez. Both Martin and Lisa Rodriguez also received personal injuries requiring medical treatment.

14. Under the terms of Farm Bureau's policy of insurance with the Rodríguezes (Policy Number 01-171629-02), Farm Bureau paid medical expenses and damages to Mr. Rodriguez's vehicle either directly to the Rodríguezes or on their behalf in an amount to be proven at trial.

15. Pursuant to Farm Bureau's insurance policy with the Rodríguezes, as well as law and equity, Farm Bureau is subrogated to the rights of the Rodríguezes regarding the actual cash

value of any amounts paid by Farm Bureau as against those persons legally responsible for the loss, including but not limited to, the named defendant, United States of America. The subrogated amount which Farm Bureau is entitled to recover from the defendant will be established at the trial of this matter and should be included in the total amount of damages to be determined by the jury.

### FIRST CAUSE OF ACTION
### NEGLIGENCE

16. Plaintiff hereby incorporates and realleges each and every preceding paragraph as if set forth in full herein.

17. Larry Hartman, as an employee of Defendant United States of America operated the 2006 Dodge Forest Service truck in a negligent and careless manner and caused it to collide with and damage Martin Rodriguez's vehicle, as well as causing the Rodríguezes personal injuries.

18. The negligent acts and/or omissions of Larry K. Hartman while operating this vehicle were the proximate cause of, directly resulted in, and/or otherwise substantially contributed to the Rodríguezes' complained of damages in this action for which Defendant is liable.

19. As a result of Defendant United States of America's negligence, through the actions of Larry K. Hartman, Plaintiff has been damaged in an amount to be determined by the jury at trial.

### SECOND CAUSE OF ACTION
### NEGLIGENCE PER SE

20. Plaintiff hereby incorporates and realleges each and every preceding paragraph as

if set forth in full herein.

21. Larry K. Hartman was negligent per se by violating I.C. § 49-638. Mr. Hartman followed too closely than is reasonable or prudent and had no regard for the speed of the vehicle, the traffic on the roadway, and the current condition of the roadway.

22. Larry K. Hartman was negligent per se by violating I.C. § 49-654. Mr. Hartman drove the Forest Service vehicle at a greater speed than is reasonable and prudent under the conditions and had no regard to the actual and potential hazards then existing.

23. Larry K. Hartman was negligent per se by violating I.C. § 49-1401(3). Mr. Hartman's conduct while driving was inattentive, careless, and imprudent in light of the circumstances then existing.

24. The Idaho statutes including but not limited to those cited above, were designed to prevent the type of harm caused by the acts and omissions of the Defendant through its employee, Larry K. Hartman. Plaintiff's insureds were members of the class of persons these statutes were designed to protect, and the Defendant's violations of the above cited statutes were the proximate cause of injury to Plaintiff's insureds.

### THIRD CAUSE OF ACTION
### VICARIOUS LIABILITY

25. Plaintiff hereby incorporates and realleges each and every preceding paragraph as if set forth in full herein.

26. The negligence of Larry K. Hartman is imputed to Defendant, United States of America, pursuant to the employer-employee relationship existing between them.

27. While operating the Forest Service vehicle, Larry K. Hartman was under the United States of America's direct supervision, employ, and control when he committed the

negligent acts described herein.

28. Larry K. Hartman engaged in negligent conduct while acting in the course and scope of his employment with the Forest Service, an agency of the United States of America.

29. Defendant United States of America is liable for the negligent conduct of Larry Hartman under the law of vicarious liability, including the doctrine of respondeat superior.

## CLAIM FOR ATTORNEY FEES AND COSTS

Plaintiff has been required to file this Complaint and pursue this legal action against Defendant and, therefore, Plaintiff is entitled to recover attorney fees and costs associated with this legal action pursuant to I.C. § 12-121 and F.R.C.P 54.

## DEMAND FOR JURY TRIAL

Pursuant to F.R.C.P. 38, Plaintiff hereby respectfully makes DEMAND for a jury trial of all matters contested herein. Plaintiff does not consent to any panel of jurors consisting of fewer than twelve (12) members.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendant as follows:

1. For money damages that will fully compensate Plaintiff for the damages it paid as the result of the December 20, 2016 collision in an amount to be proven at trial; and

2. For any such other and further relief the Court deems just, equitable, appropriate, and proper under the facts and circumstances of this case.

DATED this 8th day of January 2020.

By /s/ Ryan B. Peck
Ryan B. Peck